The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72701-1048
Dear Senator Malone:
This is in response to your request for an opinion on whether the collection of the court costs mentioned at A.C.A. §27-50-401(a)(1) (Cum. Supp. 1991) are mandatory or whether they may be levied in the discretion of the municipality. Specifically, you have attached a letter from the Prairie Grove City Attorney which raises this question under Act 904 of 1991 and 935 of 1989, and which inquires, if the costs are found to be mandatory, what the penalty is if a city fails to collect these costs.
It is my opinion that the collection of this court cost is mandatory.
The statute in question levies a three dollar "penalty" on certain criminal convictions for the benefit of police retirement funds. The statute was originally enacted in 1963 (see Act 257 of 1963), and has since been amended in 1965 by Act 34 (to provide that the penalty should also be collected upon forfeiture of bonds), and in 1983 by Act 849 (to increase the original one dollar penalty to the current three dollars). Act 904 of 1991 amended this section by adding language making the penalty applicable where a plea of guilty or nolo contendere is entered, and making it applicable to violations of municipal ordinances. Although Act 935 of 1989 amended several sections of A.C.A. §§27-50-401—407, to provide that the costs can also be used to benefit the new statewide policemen's pension system, it does not specifically amend A.C.A. § 27-50-401.
One of only two sections in this subchapter which has remained unamended since its adoption in 1963 is A.C.A. § 27-50-402, which provides that:
 The penalty provided in § 27-50-401 is mandatory and shall be levied in connection with each conviction as provided in that section, and no court shall have the power or authority to suspend, postpone, or forgive the collection of any penalty as provided in this subchapter.
This section clearly indicates that the penalty is mandatory. It has not been amended or repealed and remains a binding expression of the effect of A.C.A. § 27-50-401.
It is therefore my opinion, in response to your question, that the "penalty" mentioned in A.C.A. § 27-50-401 is mandatory. The sanctions for the failure to collect the penalty as provided by law are set out in A.C.A. § 27-50-406 (Cum. Supp. 1991), and include rendering the appropriate official guilty of misfeasance in office and subjecting him to removal from office. Additionally, recovery may be had for the uncollected penalties under the responsible official's bond.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh